865 F.2d 1257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William DUNCAN, Plaintiff-Appellant,
v.
David PONDER, Parole Agent, Dutchman Correctional
Institution SCDC; Frank B. Sanders, Executive Director,
South Carolina Department of Parole and Community
Corrections (SCDPCC); Grady A. Wallace, Commissioner,
SCDPCC; Marion Beasley, Chairman, SCDPCC; John E. Huss,
D.D. Member, SCDPCC; Jerry M. Neal, Dr., Member, SCDPCC;
H.L. Lackey, Vice Chairman, SCDPCC; Lee R. Cathcart,
Member, SCDPCC; Walter N. Lawson, Member, SCDPCC;
individually and in his official capacity as to each
defendant, Defendant-Appellee.
 No. 87-7141.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 31, 1988.
Decided: Dec. 13, 1988.
 
 Randall Meads Chastain (University of South Carolina, on brief), for appellant.
 Edwin Eugene Evans, Chief Deputy Attorney General (T. Travis Medlock, Attorney General, Donald J. Zelenka, Chief Deputy Attorney General; Carl N. Lundberg, Legal Counsel, S.C. Department of Probation, Parole and Pardon Services, on brief), for appellees.
 Before K.K. HALL, Circuit Judge, BUTZNER, Senior Circuit Judge, and TERRENCE WILLIAM BOYLE, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 William Duncan appeals from a district court judgment dismissing his claim for declaratory and injunctive relief as well as compensatory and punitive damages under 42 U.S.C. Sec. 1983. Duncan sued several officials of the South Carolina Department of Parole in both their official and individual capacities, claiming that the South Carolina Omnibus Criminal Justice Improvement Act of 1986 which provided for reconsideration of parole every two years rather than every year violated Duncan's constitutional rights under the ex post facto clause. The district court dismissed Duncan's claim as frivolous under 28 U.S.C. Sec. 1915(d).
 
 
 2
 During the pendency of this appeal, Duncan was paroled. Accordingly, Duncan's claims for injunctive and declaratory relief have been rendered moot. We vacate that portion of the district court's judgment as moot. See United States v. Munsingwear, 340 U.S. 36 (1950).
 
 
 3
 Duncan's claim for damages against the South Carolina parole officials in their official capacity is barred by the eleventh amendment. See Edelman v. Jordan, 415 U.S. 651, 662-63 (1974).
 
 
 4
 Duncan sued the parole officials in their individual capacities but they were never served because the district court dismissed the suit as frivolous. Even if they had been served, however, they would be entitled to absolute immunity under Pope v. Chew, 521 F.2d 400 (4th Cir.1975). In Pope, we held that parole officials involved in the quasi-judicial function of considering parole applications are entitled to absolute personal immunity. 521 F.2d at 405-06.*
 
 
 5
 In the alternative, the state asserts that the individual parole officials are protected by qualified immunity under Harlow v. Fitzgerald, 457 U.S. 800 (1982). Since the constitutional question raised by Duncan is unsettled, we agree with the state that qualified immunity is an acceptable alternate ground for dismissal. See Anderson v. Creighton, 107 S.Ct. 3034 (1987).
 
 
 6
 The district court's judgment with respect to injunctive and declaratory relief is vacated as moot, and the district court's dismissal of Duncan's damage claims is affirmed, albeit on other grounds.
 
 
 
 *
 The Supreme Court has not yet decided whether state parole officials enjoy absolute immunity. See Board of Pardons v. Allen, 107 S.Ct. 2415, 2417 n. 1 (1987)